## KAY *v.* TOWSLEY.

1. MECHANICS' LIENS—MORTGAGE—PRIORITIES.

Under section 9, subd. 3, of the mechanic's lien law (Act No. 179, Pub. Acts 1891, as amended by Act No. 199, Pub. Acts 1893), providing that such liens shall be preferred to all other titles, liens, or incumbrances which may attach to or upon the building or land subsequent to the commencement of such building, a mechanic's lien takes precedence of a mortgage executed after the actual commencement of the building, although no part of the labor or materials for which the lien is claimed was performed or furnished until after the execution and recording of the mortgage.

2. SAME—NOTICE OF LIEN—SERVICE.

Section 6 of the act, providing for the service of a copy of the statement of lien upon the "owner" of the premises, does not apply to a mortgagee whose security is in the form of an absolute conveyance.

Appeal from Shiawassee; Smith, J. Submitted April 6, 1897. Decided May 28, 1897.

Bill by Richard F. Kay against Matthew P. Towsley, Charles A. Jason, Ephraim C. Wagar, Benjamin B. Crapo, and others, to foreclose a deed as a mortgage; and by Ephraim C. Wagar and Benjamin B. Crapo against Richard F. Kay and others, to enforce a mechanic's lien. The causes were consolidated and heard together; and, from a decree adjudging the mortgage lien paramount to the mechanic's lien, said Wagar and Crapo appeal. Reversed.

*F. S. Porter*, for appellants.

*John T. McCurdy*, for appellee Kay.

LONG, C. J. On or about May 15, 1895, the defendants Matthew P. Towsley and Charles A. Jason, being

the owners in fee simple of certain lands in the village of Shaftsburg, Shiawassee county, commenced the erection of an hotel building thereon. On May 29th, when the foundation wall of said building was completed, they arranged with complainant, Kay, for a loan of $300, and on the same day, for the purpose of securing payment thereof, executed to him a deed of said lands, absolute in form, and thereupon took back a land contract from him, providing for his redeeding said lands to them upon the payment of said sum. This sum was advanced to them by complainant as follows: $75 on that date, $125 on June 6th, and $100 on June 15th. On June 25th, Kay loaned them $50 more. The deed was recorded June 3, 1895. The land contract was not recorded. Towsley and Jason continued in possession of the premises, and completed the erection of the building.

On June 25, 1895, Wagar and Crapo commenced furnishing materials to Towsley and Jason for the erection of the building, and from that date to August 17th of the same year, inclusive, furnished them with materials to the sum of $234.31, which materials, it is conceded, were used by Towsley and Jason in the construction of the building. On October 15, 1895, Wagar and Crapo filed a notice of their intention to claim a lien on said premises, in the office of the register of deeds for Shiawassee county.

On November 9, 1895, Kay filed his bill in the circuit court for the county of Shiawassee, in chancery, to foreclose said deed as a mortgage. Afterwards, and in due time, Wagar and Crapo filed their bill in said court to enforce a mechanic's lien upon said premises. The two suits were consolidated by stipulation, and heard as one suit. On the hearing the court decreed Kay a first lien under his mortgage on said premises, and defendants Wagar and Crapo a lien thereon to the amount of their claim, subject to said mortgage. Wagar and Crapo appeal. They claim they are entitled to a lien on said premises paramount to that of complainant's (Kay's) mort-

gage, for the reason that said mortgage was executed subsequent to the commencement of the erection of said hotel building.

Subdivision 3, § 9, Act No. 179, Pub. Acts 1891, as amended by Act No. 199, Pub. Acts 1893, provides that mechanics' liens "shall be preferred to all other titles, liens, or incumbrances which may attach to or upon such building, machinery, structure, or improvement, or to or upon the land upon which they are situated, subsequent to the commencement of said building, erection, structure, or improvement." This provision has been passed upon frequently by the courts, and it has been uniformly held that the lien has priority over a mortgage executed upon the lands or premises after the actual commencement of the building, though no part of the labor performed or materials furnished for which the lien is claimed was done or performed until after the execution and recording of the mortgage. *Haxtun Steam Heater Co.* v. *Gordon,* 2 N. Dak. 246 (33 Am. St. Rep. 776); *Murray* v. *Swanson,* 18 Mont. 533; Phil. Mech. Liens (3d Ed.), § 216; 2 Jones, Liens (2d Ed.), § 1470; *Davis* v. *Bilsland,* 18 Wall. 659; *Dubois' Adm'r* v. *Wilson's Trustee,* 21 Mo. 213; *American Fire Ins. Co.* v. *Pringle,* 2 Serg. & R. 138; *Lampson* v. *Bowen,* 41 Wis. 484; *Vilas* v. *Manufacturing Co.,* 91 Wis. 607; *Hewson-Herzog Supply Co.* v. *Cook,* 52 Minn. 534. It is held that, under such a provision, liens attach as of the date of the commencement of the building, erection, or other improvement, regardless of the time when, or the person by whom, the particular work was done or the materials furnished for which a lien is claimed. 2 Jones, Liens (2d Ed.), § 1470.

But it is claimed that a copy of the notice of lien was not served upon the complainant. This was not necessary, under section 6 of the lien law. It was sufficient to serve it upon the owner of the premises. The complainant's rights were those only of mortgagee.

The court below was in error in holding the mortgage

paramount to the lien.   The decree must be reversed, and one entered here giving defendants Wagar and Crapo a lien prior to the complainant's mortgage.   The defendants will recover their costs of both courts.

The other Justices concurred