WALLICH LUMBER COMPANY *v.* GOLDS.

1. MECHANICS' LIENS—CONSTRUCTION OF STATUTES.
   The mechanics' lien law should be liberally construed because of its remedial character, once a lien attaches (CLS 1961, §§ 570.9, 570.10).

2. SAME—LIS PENDENS.
   A *lis pendens* need not be filed as to those who have actual notice of suit to foreclose a mechanic's lien, thereby effecting a liberal construction of the act (CLS 1961, §§ 570.9, 570.10).

3. SAME—LIS PENDENS—ACTUAL NOTICE.
   Holding of trial judge that plaintiff materialman had no lien because it had failed to file a *lis pendens* was error, where it served all defendants with its bill of complaint within 1 year after filing claim of lien, since actual notice was thereby given (CLS 1961, §§ 570.9, 570.10).

4. SAME—WRITTEN CONTRACT—TENANCY BY ENTIRETY.
   No mechanic's lien may attach to realty held by the entireties for materials furnished prior to the execution of a written contract for the improvements signed by both the husband and the wife (CL 1948, § 570.2).

5. SAME—REMAND—WRITTEN CONTRACT OF HUSBAND AND WIFE.
   Determination of date when written contract was executed by husband and wife holding property by the entireties and allowance of lien for materials thereafter furnished by plaintiff is ordered to be made on remand, where trial court had erroneously

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur, Mechanics' Liens § 12.
[2] 36 Am Jur, Mechanics' Liens §§ 11, 12.
   34 Am Jur, Lis Pendens § 26.
[3] 34 Am Jur, Lis Pendens § 26.
[4] 36 Am Jur, Mechanics' Liens §§ 106, 107.
[5] 34 Am Jur, Lis Pendens § 26.
   36 Am Jur, Mechanics' Liens § 167.
[6] 36 Am Jur, Mechanics' Liens § 125.
[7] 36 Am Jur, Mechanics' Liens §§ 167, 176, 181.
[8] 36 Am Jur, Mechanics' Liens §§ 287, 290, 291.

denied any lien for plaintiff's failure to file a *lis pendens* (CL 1948, § 570.2, CLS 1961, §§ 570.9, 570.10).

6. SAME—NOTICE—CONTRACT DIRECT WITH OWNER.
   Notice of intention to claim a mechanic's lien is required whether or not the property is held by the entireties except that the person who contracts directly with the owner as then the owner knows of the claim against him (CLS 1961, § 570.1; CL 1948, § 570.2).

7. SAME—WRITTEN CONTRACT—MORTGAGES—PRIORITIES.
   Plaintiff who furnished materials before and after written contract had been executed therefor by husband and wife *held*, entitled to lien prior to mortgage executed subsequent to when first materials were delivered but only for materials furnished subsequent to the written contract (CLS 1961, §§ 570.1, 570.9; CL 1948, § 570.2).

8. COSTS—NEITHER PARTY PREVAILING IN FULL.
   No costs are allowed in proceeding to foreclose a mechanic's lien, where neither party has prevailed in full.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted February 5, 1965. (Calendar No. 50, Docket No. 50,466.) Decided May 10, 1965.

Bill by Wallich Lumber Company, a Michigan corporation, against Sidney Golds; Sylvia Golds; Bank of Dearborn, a banking corporation; Max Yorke, Nathan Shayne, and Maurice Axelrod, a copartnership doing business as Sayme Investment Company; Alex Kramer; and Boston Tile & Terrazzo Company, a Michigan corporation, to foreclose a mechanic's lien. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Schuur & Keating* (*Patrick J. Keating*, of counsel), for plaintiff.

*Glassen, Parr, Rhead & McLean* (*Neil A. McLean*, of counsel), for defendants Golds.

*Jesse W. Bollinger*, for defendant Bank of Dearborn.

ADAMS, J.  This is a suit to determine the validity
and priority of a materialman's lien.  On October 5,
1959, plaintiff began delivery of materials to the
homesite of defendants Golds.  On December 14,
1959, defendants Golds executed a mortgage with the
Bank of Dearborn.  The trial judge found that some
time after April 20, 1960, plaintiff and defendants
Golds entered into a written contract for the pur-
chase of the materials which were being and had been
supplied.  The contract was predated "October 2,
1959."

The last delivery of materials was on August
23, 1960.  On August 31, 1960, plaintiff filed a claim
of lien for $6,250.90.  The trial judge found that
this was the value of the materials and that they had
been used in the Golds' home.  Plaintiff filed its bill
of complaint and all defendants were served within
one year after filing of the claim of lien.  Plaintiff
did not, however, file notice of *lis pendens.*  Because
of failure to do so, the trial judge ruled that plain-
tiff had no cause of action.

## I.

The portions of the mechanics' lien law which
prompted that decision read as follows:

"Sec. 9.  The several liens herein provided for
shall continue for 1 year after such statement or ac-
count is recorded in the office of the register of deeds,
and no longer unless proceedings are begun to en-
force the same as hereinafter provided."  CLS 1961,
§ 570.9 (Stat Ann 1963 Cum Supp § 26.289).

"Sec. 10.  Proceedings to enforce such lien shall
be by bill in chancery, under oath, and notice of *lis
pendens* recorded in the office of the register of deeds,
shall have the effect to continue such lien pending
such proceedings."  CLS 1961, § 570.10 (Stat Ann
1963 Cum Supp § 26.290).

Once a lien attaches, a liberal construction should be made of the statute because of its remedial character. CL 1948, § 570.27 (Stat Ann 1953 Rev § 26.307); *Burman* v. *Ewald,* 192 Mich 293, 295. A liberal construction is achieved by holding that the *lis pendens* need not be filed as to those who have actual notice of suit. To hold otherwise would exalt constructive notice over actual notice. See the extensive discussion on this point in *Whitehead & Kales Co.* v. *Taan,* 233 Mich 597, 603–605. Also, see *Vander Horst* v. *Kalamazoo Apartments Corporation,* 239 Mich 593, 603–605; *Hart* v. *Reid,* 243 Mich 175, 183. The trial judge was in error. The filing of a *lis pendens* was unnecessary as to defendants who had notice of the lien and were sued and served within the one year period.

## II.

The next question is whether the plaintiff acquired a lien. Defendants Golds' property was held by the entireties. Liens upon such property must meet the requirements of section 2 of the mechanics' lien statute which reads:

"In case the title to such lands upon which improvements are made is held by husband and wife jointly * * * *the lien* given by this act *shall attach* to such lands and improvements *if the improvements be made in pursuance of a contract in writing signed by both the husband and wife.*" CL 1948, § 570.2 (Stat Ann 1953 Rev § 26.282). (Emphasis supplied.)

The plain requirement of this statute is that the lien shall not attach if the improvements are not *made in pursuance of* the written contract. As to those materials which were delivered prior to the execution of the contract, no lien was created. To hold otherwise would permit a waiver of the statute contrary to the holding of this Court in *McMillan* v.

*Schneider,* 147 Mich 258, and *F. M. Sibley Lumber Co.* v. *Letterman,* 234 Mich 32, 35. Upon remand, the trial court shall determine the date when the contract was executed and allow a lien for only such materials as were furnished from that date.

## III.

The final question is whether the plaintiff's lien has priority over the bank's mortgage. Section 9 of the mechanics' lien law establishes priority for the entire act. That portion of section 9 relative to the priority question involved here was construed in *Kay* v. *Towsley,* 113 Mich 281, as follows (p 283):

"Subdivision 3  *  *  *  provides that mechanics' liens 'shall be preferred to all other titles, liens, or incumbrances which may attach to or upon such building, machinery, structure, or improvement, or to or upon the land upon which they are situated, subsequent to the commencement of said building, erection, structure, or improvement.' This provision has been passed upon frequently by the courts, and it has been uniformly held that the lien has priority over a mortgage executed upon the lands or premises after the actual commencement of the building, *though no part of the labor performed or materials furnished for which the lien is claimed was done or performed until after the execution and recording of the mortgage.*" (Emphasis supplied.)

See, also, *Kerr-Murray Manufacturing Co.* v. *Kalamazoo Heat, Light & Power* Co., 124 Mich 111; *River Rouge Savings Bank* v. *S & M Building Company,* 359 Mich 189 (91 ALR2d 409).

In this case the mortgage was executed after the commencement of construction and the lien did not come into being until after the execution of the mortgage. Under *Kay* v. *Towsley, supra,* the lien would relate back to the commencement of construction and

take priority. However, *Kay* v. *Towsley* involved property which was not held by the entireties, and was unaffected by section 2. The question then is whether section 2 requires a different construction of the priority section.

It seems obvious that the different treatment of entireties property was for the protection of a spouse, so as to prevent a husband or wife from affecting their unitary ownership without the written consent of the other. In this respect section 2 is consistent with other branches of the law dealing with entireties property. See 13 MLP, Husband and Wife, §§ 4, 5. This policy prevents the alienation of entireties property and has no relevance to priorities which deal with property already encumbered. There is nothing in section 2, or the policy that section seeks to effectuate, to warrant a different interpretation of section 9, the priorities section, as to property under section 2 from the interpretation given section 9 as to property affected only by section 1.

Section 1 (CLS 1961, § 570.1 [Stat Ann 1963 Cum Supp § 26.281]) requires a subcontractor, laborer, or materialman who deals with the original or principal contractor or any subcontractor to serve notice to the owner, et cetera, of the premises if he intends to assert a lien. Notice is required whether or not the property is held by the entireties. *Hartwick Lumber Co.* v. *Chonoski*, 216 Mich 424; *Saginaw Lumber Co.* v. *Stirling*, 305 Mich 473. Notice is not required of a person who contracts directly with the owner. *Mielis* v. *Everts*, 264 Mich 363, 364.

The reason for the notice requirement and the distinction between one who deals directly with the owner and a subcontractor, materialman, or laborer who does not, is that in the first situation the owner knows there is a claim against him, but in the second case he may be unaware of a claim without such

notice. The notice is for the purpose of protecting
the owner. CLS 1961, § 570.4 (Stat Ann 1963 Cum
Supp § 26.284). Relative to the purpose of section 1,
see *Hartwick Lumber Co.* v. *Chonoski, supra,* p 428.
This policy of protecting the owner is operative
whether or not entireties property is involved. *Hart-
wick Lumber Co.* v. *Chonoski, supra; Saginaw Lum-
ber Co.* v. *Stirling, supra.*

It must be concluded that there is nothing in either
section 1 or section 2 to demand a different construc-
tion of the priority section as to entireties property
than would follow if section 2 were not involved.
This places a great burden of diligence upon a mort-
gagee, as opposed to those accorded a lien under the
mechanics' lien law, but this is a matter for legis-
lative decision in the ordainment of liens and prior-
ities.

Reversed and remanded for further proceedings in
accordance with this opinion. No costs, neither par-
ty having prevailed in full.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY,
BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.