**UNITED STATES of America, Plaintiff,**

v.

**ARTICLES OF FOOD AND DRUG**
Consisting of the Following et
al., Defendants.

Civ. A. No. 77-C-285.

United States District Court,
E. D. Wisconsin.

Dec. 1, 1977.

William J. Mulligan, U. S. Atty. by Stephen E. Kravit, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Henry Rothblatt, New York City, Kirkpatrick W. Dilling, Chicago, Ill., and Joseph W. Weigel, Milwaukee, Wis., for defendants.

REYNOLDS, Chief Judge.

On May 27, 1977, the plaintiff United States of America filed a two-count amended complaint in this action seeking a libel of seizure and condemnation pursuant to § 304 of the Federal Food, Drug and Cosmetic Act, as amended, 21 U.S.C. § 334, and injunctive relief pursuant to 21 U.S.C. § 332(a). Hearings were held on Count II of the complaint commencing on July 19, 1977.

On July 29, 1977, the Court entered a decree of preliminary injunction which, inter alia, restrained the defendants from manufacturing, distributing, or introducing into interstate commerce any article of food or drug containing amygdalin, required the defendant to submit to the court within thirty days an affidavit listing all distributors, within defendants' knowledge, of amygdalin produced or distributed by defendants; required the defendants to turn over to the United States Marshal all articles of food or drug containing amygdalin then within their possession or control; ordered the sequestration and destruction of any article of food or drug within the defendants' possession unless an advisory opinion approving it was obtained from the Food and Drug Aministration or it was brought into compliance with the Federal Food, Drug and Cosmetic Act; ordered the defendants to compensate the United States for the costs of such supervision; and awarded costs to the plaintiff United States. On August 29, 1977, a notice of appeal to the United States Court of Appeals for the Seventh Circuit was filed by the defendants.

On October 12, 1977, this Court granted plaintiff's motion, filed on August 1, 1977, in which defendants concurred, to amend the decree of preliminary injunction by deleting paragraph 6 thereof in its entirety and inserting the words "containing amygdalin" after the phrase "any article of food or drug" in line one of paragraph 7. Plaintiff has also filed a motion with the court entitled "Motion for Summary Judgment of Condemnation," which motion the Court construes as a motion for partial summary judgment, i. e., as to Count I of the amended complaint, and which the Court will consider in a separate decision and order.

The defendants have moved the Court for a modification of the decree of preliminary injunction, for a stay of the decree pending appeal, and for an extension of time in which to comply with certain terms of the injunction pending disposition of their modification motion and pending appeal. For the reasons hereafter stated, defendants' motion for a stay will be granted in part and denied in part, and defendants' motion for a modification of the decree and for an extension of time in which to comply with certain terms of the decree will be denied.

■ Before the Court can rule on the motions now before it, it must be satisfied that it has jurisdiction to decide them. Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, when an appeal is taken from an interlocutory injunction, the Court in its discretion may suspend or modify the operation of the injunction during the pendency of the appeal. The Court also retains full jurisdiction and authority to enforce the terms of its decree pending appeal. *In re Federal Facilities Realty Trust*, 227 F.2d 651, 654 (7th Cir. 1955). These powers are to be exercised sparingly, however, as ordinarily the taking of an appeal operates to transfer jurisdiction of the case to the court of appeals, and the general rule of jurisdictional divestiture applies with respect to an interlocutory order of injunction which has been appealed. *Armstrong v. O'Connell*, 416 F.Supp. 1325, 1329 (E.D.Wis.1976). The merits of the decree are within the control of the circuit court of appeals, and the district court retains jurisdiction only for the limited purposes set forth above. *Environmental Defense Fund, Inc. v. Froehlke,*

348 F.Supp. 338 (D.C.Mo.1972), aff'd 477 F.2d 1033 (8th Cir. 1973); *United States v. El-O-Pathic Pharmacy,* 192 F.2d 62 (9th Cir. 1951); *Research Corporation v. Pfister Associated Growers, Inc.,* 310 F.Supp. 1377 (E.D.Ill.1970). Thus, it would be improper for this Court to take any action which might be inconsistent with or in derogation of the appellate court's jurisdiction.

■ In light of these principles, the Court considers that it should not hear defendants' motion to modify the decree. The motion was filed at the same time as the notice of taking of the appeal, plaintiff opposes it, and the motion goes to the merits of the decree, which merits now are before the Court of Appeals for the Seventh Circuit.* The Court may, however, consider the motion for a stay and the motion for an extension of time to comply with certain terms of the injunction. These motions are duplicative in that both ask the Court not to enforce certain provisions of the decree pending disposition of this matter on appeal. The Court will therefore consider them together as requesting a stay of paragraphs 2, 4, 5, 7, 8, 9, and 11 of the decree. Insofar as the motion to extend time also requests an extension until the Court has ruled on the motion for modification of the decree of preliminary injunction, it is denied.

■ There are generally four factors to be considered in determining whether or not to grant a party's motion to stay provisions of a decree of preliminary injunction: (1) the likelihood of the party's succeeding on the merits of the appeal; (2) whether the party will suffer irreparable injury if the stay is denied; (3) whether other parties will be substantially harmed by the stay; and (4) whether the public interest will be served by granting the stay. *Armstrong v. O'Connell,* supra. Defendants assert that the Court should also consider whether or not a stay of the terms of the

injunction is necessary to preserve the status quo pending appeal.

■ The Court's power to preserve the status quo pending appeal derives from Rule 62 of the Federal Rules of Civil Procedure and is separate and distinct from its power to enforce the terms of its own decree of injunction. Furthermore, where a statute provides for the remedy of injunctive relief, if the pre-conditions for granting such relief as set forth in the statute are satisfied, no further showing is required before the Court may grant the relief on such terms as it deems necessary to prevent further violations of the statute from occurring. See *United States v. Diapulse Corporation of America,* 457 F.2d 25, at 28–29 (2d Cir. 1972):

"The passage of the statute [21 U.S.C. § 332(a)] is, in a sense, an implied finding that violations will harm the public and ought, if necessary, be restrained. *   *

*    *    *    *    *    *

"The other major consideration in the trial court's exercise of discretion is the likelihood of continuing violation or recommencement of the offensive behavior, if it has ceased during the pendency of the litigation. *   *   * The injunction may sweep broadly in its prohibition if that is necessary to enjoin future violations which appear likely to occur. *   * Nor can appellant complain that the injunction is impermissible because it will put him out of business. He 'can have no vested interest in a business activity found to be illegal *   *   *.'   *   *   *"

This Court found numerous violations by defendants of 21 U.S.C. § 331. (See conclusions of law Nos. 12, 13, and 14.) It was therefore entitled by the provisions of 21 U.S.C. § 332(a) to provide such injunctive relief as was necessary to restrain continu-

---

* Defendants characterize this motion as a motion to modify the decree brought pursuant to Rules 60 and 62 of the Federal Rules of Civil Procedure. It is apparent, however, that defendants are challenging the merits of the decree and not merely its operation pending appeal, and therefore the Court construes the motion as a motion to amend brought pursuant to Rule 52 of the Federal Rules of Civil Procedure. The motion was not timely made and must be denied.

ing violations of that section. The effect of such relief was necessarily not preservative of the status quo, nor did the Court exceed its authority in restraining future violations of 21 U.S.C. § 331 by the defendants.

Paragraph 2 of the decree, as defendants claim, essentially puts them "out of business" by prohibiting the manufacture or distribution in interstate commerce of articles of food or drug containing amygdalin. Such result, while it may well constitute irreparable harm to the defendants, is nevertheless a permissible form of relief in a preliminary injunctive decree rendered pursuant to 21 U.S.C. § 332(a), as the benefit to the public clearly outweigh the harm to the defendants. See *United States v. Diapulse Corporation of America,* supra. The scope of the relief is necessary to prevent continued violations of the Federal Food, Drug, and Cosmetic Act. See *United States v. Spectro Foods Corporation,* 544 F.2d 1175, 1179–1180 (3d Cir. 1976).

Paragraph 4 of the decree requires that the defendants submit an affidavit listing all distributors of amygdalin produced or distributed by defendants, and all places where defendants have knowledge that any of their amygdalin or any component thereof is stored or held. Defendants claim that the Court made no specific finding of irreparable injury to the plaintiff or the public in the absence of such disclosure, and that such disclosure would constitute irreparable injury to the defendants in that it would disrupt their business relation with their customers, destroy whatever good will exists between them and their customers, and subject their customers to harassment by agents of the United States Government.

Since the defendants can have no vested interest in a business found to be illegal, however, *United States v. Diapulse Corporation of America,* supra, the Court considers that whatever injury they may suffer through disruption of their business relation with their customers is entitled to little weight in the determination of whether or not to grant the stay. In contrast, while the Court made no explicit finding of injury to the plaintiff or to the public if the defendants' list of distributors was not disclosed, by finding that violations of 21 U.S.C. § 331 had occurred, it made an implicit finding that the public would benefit from the restraint of future violations of that section.

The provision in paragraph 5 for forfeiture of existing amygdalin and amygdalin components within the possession or control of the defendants to the United States Marshal was not authorized pursuant to 21 U.S.C. § 334, which provides for seizure and condemnation of misbranded articles of food or drugs. Rather, it was authorized pursuant to the authority granted the Court in 21 U.S.C. § 332(a) to enjoin violations of § 331 and, as a natural consequence thereof, to prevent future violations of § 331 by removing existing stores of misbranded food or drugs within the possession or control of the defendants from the stream of interstate commerce. The relief provided in paragraph 4 is likewise designed to aid the plaintiff in removing existing stores of amygdalin and amygdalin components from interstate commerce. Therefore, the Court finds that it would not be in the public interest to stay the operation of either paragraph 4 or paragraph 5 of the decree.

The decision in *United States v. Spectro Foods Corporation,* supra, is not inconsistent with this determination, as the paragraph dealing with recall which was found objectionable in that case was directed toward disclosure of customer lists and recall of items sold prior to issuance of the decree. Paragraph 4 of this Court's decree is directed toward distributors of defendants' products who have notice of the decree pursuant to paragraph 3 thereof and who, by reason of being "in active concert or participation with" the defendants, are similarly restrained by paragraph 2 from introducing into interstate commerce any article of food or drug manufactured by the defendants. Thus, paragraph 4 is directed toward remedying future violations and is therefore within the scope of 21 U.S.C. § 331.

Paragraph 7 provides for the sequestration and destruction, under the supervi-

sion of the Food and Drug Administration, of any article of food or drug containing amygdalin found within the possession of the defendants, their officers, agents, servants, employees, and all persons in concert and/or participation with them upon receipt of notice of the decree. For the reasons stated above in reference to paragraph 5, the Court will not order a stay of this provision insofar as it provides for sequestration of the articles involved. Insofar as it provides for their destruction, however, a stay will be granted. While the Court is of the opinion that there is little likelihood of plaintiff's success on the merits of this action, it is true that in the event of such success defendants would be irreparably harmed by the destruction of their property, while the harm to the plaintiff if a stay is granted is nonexistent. The public likewise will neither suffer nor benefit if a stay of this limited nature is granted.

■ Paragraph 8 provides that the defendants shall abide by the decisions of a duly authorized representative of the Food and Drug Administration, as provided for in paragraph 7. Defendants' main objection to this provision is that it grants to the Food and Drug Administration authority not given to it by Congress. As this complaint goes to the merits of the decree, rather than to any injury which defendants may suffer during the pendency of their appeal, the Court declines to consider it.

■ Paragraph 9 provides that the defendants shall compensate the United States for the cost of supervision of the destruction of the articles of food or drug involved, and paragraph 11 provides that the plaintiff is entitled to recover from the defendants the costs of this action whenever finally ascertained. In the event these provisions are overturned by the court of appeals, defendants will have suffered no irreparable injury in the meantime. Paragraph 11 will not take effect prior to that time, and any injury suffered by defendants through enforcement of paragraph 9 will be readily compensable in money damages.

In conclusion, the Court finds that paragraphs 2, 4, and 5 of the decree of preliminary injunction should not be stayed during the pendency of defendants' appeal for the reason that whatever injuries defendants will suffer as a result of denial of the stay will be outweighed by the benefit to the public from denial of the stay and the improbability of defendants' ultimate success on the merits of their appeal. With the exception of the provision for destruction of the articles seized in paragraph 7, enforcement of the remaining provisions with respect to which defendants seek a stay will cause them no irreparable injury during the pendency of their appeal.

For the foregoing reasons,

IT IS ORDERED that defendants' motion for a modification of the decree of preliminary injunction be and it hereby is denied.

IT IS FURTHER ORDERED that defendants' motion for an extension of time in which to comply with certain provisions of the decree be and it hereby is denied.

IT IS FURTHER ORDERED that defendants' motion for a stay of the decree be and it hereby is granted with respect to that part of paragraph 7 of the decree which provides that any article of food or drug containing amygdalin in the possession of the defendants, their officers, agents, servants, employees, and any and all persons in concert and/or participation with them "shall be destroyed under the supervision of the Food and Drug Administration unless an advisory opinion approving it is obtained, or it is brought into compliance with the Federal Food, Drug and Cosmetic Act under the supervision of a duly authorized representative of the Food and Drug Administration."

IT IS FURTHER ORDERED that defendants' motion for a stay of the decree of preliminary injunction be and it hereby is denied with respect to the remainder of paragraph 7 of the decree and with respect to paragraphs 2, 4, 5, 8, 9, and 11 of the decree.