**CARPENTERS DISTRICT COUNCIL OF DETROIT, WAYNE, OAKLAND AND MACOMB COUNTIES AND VICINITY, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, a voluntary unincorporated labor association, and Detroit Carpenters Fringe Benefit Funds, a voluntary unincorporated trust fund, Plaintiffs,**

v.

**George E. MORSE, Individually and d/b/a Residential Framers Company, Brighton Mall Apartments, a Michigan limited partnership, and Lawrence Properties, Inc., a corporation incorporated under the laws of the State of Michigan, Defendants.**

Civ. No. 75-70007.

United States District Court,
E. D. Michigan, S. D.

Sept. 7, 1978.

Sheldon M. Meizlish, Detroit, Mich., for plaintiffs.

Larry G. Sharp, Flint, Mich., for defendants.

## OPINION GRANTING MOTION FOR EXTENSION OF LIS PENDENS

CORNELIA G. KENNEDY, Chief Judge.

Plaintiff, the Carpenters District Council of Detroit, filed on July 10, 1978, with the Sixth Circuit Court of Appeals a motion for an order for extension of the notice of lis pendens. That court is now considering an appeal in this action from an order dismissing the plaintiff's pendent state claim for mechanic's lien. The defendants filed their response to the motion, and plaintiff responded thereto. The Court of Appeals ordered the motion remanded to the District Court, directing that it determine its jurisdiction in the premises and that if it concludes that it has jurisdiction, to decide the motion on the merits.

■ The question of what jurisdiction a district court retains pending an appeal has only rarely been considered by the courts. Once an appeal is taken, jurisdiction over the merits of the case generally passes to the appellate court, cf. *Turner v. H.M.H. Publishing Company,* 328 F.2d 136 (5th Cir. 1964); however, the district court may exercise some power over the case which is not inconsistent with or in derogation of the appellate court's jurisdiction, *United States v. Articles of Food and Drug,* 441 F.Supp. 772, 774–75 (E.D.Wis.1977).

■ Although apparently no court has ruled on the power of a district court to issue an order for extension of lis pendens while an appeal is pending, the nature of the two levels of courts provides guidance in consideration of the question. District courts have original jurisdiction of civil actions; *see generally* 28 U.S.C. §§ 1331–1362, whereas the jurisdiction of the Courts of Appeals is appellate in nature and in general does not include original actions. *Pollard v. Supreme Court of Michigan,* 334 F.2d 129, 130 (6th Cir. 1964); 28 U.S.C. § 1291. Federal Rules of Civil Procedure, Rule 62(c) provides that even after appeal, the district court retains the power to "suspend, modify, restore, or grant an injunction." Similarly, Rule 8(a) of the Federal Rules of Appellate Procedure states that it is to the district court that application must first be made for a stay, supersedeas bond, or for an order suspending, modifying, restoring, or granting an injunction. This rule makes it clear that a motion for the relief enumerated may be made in the appellate court only if "application to the district court for the relief sought is not practicable, or . . . the district court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the district court for its action." Although not expressly listed in the rules, the motion under consideration is so similar to those which are that the court concludes it is a matter over which the district court has jurisdiction. The order requested does not affect the merits of the issue on appeal. Similar to the sorts of orders included in Rules 62(c) and 8(a), it merely preserves the status quo and is not in derogation of the jurisdiction of the Court of Appeals. Furthermore, it is the nature of orders issued by district courts and dissimilar to the matters acted upon by appellate courts.

■ The statutes of the State of Michigan provide that the filing of a complaint with the registrar of deeds operates as constructive notice of lis pendens. Mich.Comp. L.Ann. § 600.2701. Such a filing is not required in order to give notice to one who has actual notice, *Wallich Lumber Company v. Golds,* 375 Mich. 323, 326, 134 N.W.2d 722 (1965). *See Burton Drywall, Inc. v. Kaufman,* 402 Mich. 366, 263 N.W.2d 249 (1978), which recently approved *Wallich.* Such a construction of the statute is mandated, since it is remedial in nature, Mich.Comp.L. Ann. § 570.27, and therefore the courts should not exalt the requirements of constructive notice over actual notice. *Wallich, supra,* 375 Mich. at 326, 134 N.W.2d 722. Indeed, the statute suggests that it may only be necessary to file a notice of lis pendens once during the pendency of an action. *See* Mich.Comp.L.Ann. § 570.10.

For the reasons stated in the opinion, the motion for extension of lis pendens is GRANTED.