**In the Matter of Michael S. HAMLIN, Barbara Hamlin, Debtors.**

**SEARS, ROEBUCK & COMPANY, a New York Corporation, Plaintiff,**

v.

**Michael S. HAMLIN and Barbara A. Hamlin, jointly and severally, Defendants.**

**Bankruptcy No. 83–01483–B. Adv. No. 83–1012–B.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Dec. 1, 1983.

Garon & Garon, P.C., by R. Scott Vander-ford, Detroit, Mich., for debtors/defendants.

Balfour Peisner, Southfield, Mich., for plaintiff.

## OPINION

### GEORGE BRODY, Bankruptcy Judge.

Sears, Roebuck & Company installed an air conditioning system in the home of Michael and Barbara Hamlin. The work was begun on June 11, 1982, and completed on March 11, 1983. On March 23, 1983, twelve days later, Michael and Barbara Hamlin filed a chapter 7 petition under the Bankruptcy Code. On April 26, 1983, Sears, Roebuck & Company filed a claim of lien on the home of the debtor pursuant to section 570.-1117 of the Michigan Construction Lien Law effective in 1982.

On May 18, 1983, Sears, Roebuck & Company filed a complaint to foreclose on the property of the debtor to satisfy its lien. Initially, the debtor contends that by virtue of section 362(a)(5), Sears, Roebuck is precluded from taking any action to "perfect or enforce any lien against property of the debtor," and presumably argues that the lien was not perfected, therefore rendering it invalid. Alternatively, the debtors contend that Sears, Roebuck's lien, even if perfected, is subject to attack by the trustee pursuant to section 544 and that the debtor may avoid the lien since the trustee did not attempt to do so. § 522(h).

Section 362(a)(5) does, as the debtor contends, prevent a creditor from taking any action "to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." However, not all such acts are stayed. The filing of a bankruptcy petition does not operate as a stay "of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title." 11 U.S.C. § 362(b)(3). Section 546(b) provides that the trustee's avoiding powers under sections 544, 545 or 549 "are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection." Thus, if the Michigan Construction Lien Law permits postpetition perfection of a lien on property in which the lien claimant acquired an interest prior to the time of that perfection, the automatic stay imposed by section 362(a) does not bar the lien claimant from perfecting its lien. Kennedy, *Automatic Stays Under the New Bankruptcy Law*, U.Mich.J.L.Ref. 1 (1978).

■ Section 570.1107 of the Michigan Compiled Laws provides that a contractor or laborer "who provides an improvement to real property shall have a construction

lien upon the interest of the owner or lessee who contracted for the improvement to the real property." The lien conferred by this section ceases, however, "unless, within 90 days after the lien claimant's last furnishing of labor or material for the improvement, pursuant to the lien claimant's contract, a claim of lien is recorded in the office of the register of deeds." M.C.L. § 570.1111. The lien, if timely perfected, takes "priority over all other interests, liens, or encumbrances which may attach . . . subsequent to the first actual physical improvement" made by the lien claimant. M.C.L. § 570.1119(3). Thus, by virtue of section 362(b)(3) and section 546(b), Sears, Roebuck was not stayed from perfecting its inchoate lien subsequent to the debtors' commencement of the bankruptcy proceeding.

The court must therefore consider the debtors' alternative argument, that the lien, even though perfected, may be avoided by the trustee and by the debtor pursuant to section 544. This argument is set forth as follows:

1) Section 570.1112(3) of the Michigan Compiled Laws provides:

> The recording of a notice of commencement or a claim of lien shall operate as constructive notice to subsequent purchasers or encumbrancers in the same manner as the recording of a real estate mortgage.

M.C.L. § 570.1112(3).

2) Section 544 provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> .    .    .    .    .

> (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

§ 544(a)(3).

3) A debtor may avail himself of the power conferred upon the trustee pursuant to section 544 if the trustee does not attempt to do so, and the property involved is property that the debtor could have claimed as exempt. § 522(h).

■ Based upon these sections, the debtor concludes that a bona fide purchaser who purchased the property prior to the recording of the claim of lien would take the property free of that lien and, therefore, the trustee who has the status of a bona fide purchaser as of the time the case is commenced may avoid the lien. This argument has no merit.

Unfortunately, no legislative history accompanies section 570.1112(3). However, the purpose of the Mechanic's Lien Law is clear. It was enacted to ensure protection for contractors and subcontractors who provide material and labor to improve real property. The statute under consideration, therefore, must be construed to give effect to that purpose. To do so requires that section 570.1112(3) be read not in the abstract, but "in conjunction with other pertinent provisions of the act." *Roberts Tobacco Co. v. Department of Revenue,* 322 Mich. 519, 530, 34 N.W.2d 54, 59 (1948). Section 570.1112(3) merely states that the recording of the claim of lien shall operate as constructive notice to purchasers or encumbrancers. It does not state that the persons enumerated in section 570.1112(3) take free of an inchoate lien in existence when the purchase was made or the property encumbered. Section 570.1119(3) and not section 570.1112(3) deals with the relative priority of a mechanic's lien claimant and entities whose interests attach prior to the filing of a claim of lien. Section 570.1119(3) clearly provides that if a lien is timely perfected it takes "priority over all other interests, liens or encumbrances which may attach . . . subsequent to the first actual physical improvement" made by the lien claimant. Section 570.1112(3) is not to be read to take away the rights accorded to a lien claimant

by section 570.1119(3). To do so would completely eviscerate the statute. It would deprive a mechanic's lien claimant of the very protection the statute was designed to accord him.

A comparison between the present Michigan Construction Lien Law and prior law also supports this conclusion. Both section 570.1112(3) and section 570.1119(3) are derived from section 570.5 and section 570.9 of prior law. The repealed statute provided, as does section 570.1119(3), that a timely perfected claim of lien related back to the time when the first actual physical improvements were made upon the property for determining priority between competing interests. M.C.L. § 570.9.[1] The repealed law also provided, as does section 570.-1112(3), that the recording of a claim of lien shall constitute notice of the lien to all subsequent purchasers and encumbrances. M.C.L. § 570.5.[2] Faced with the question as to the relative priority between a timely recorded mechanic's lien claim and a mortgage recorded before the recordation of the claim of lien, the Michigan Supreme Court held consistently with the purpose of the Mechanic's Lien Law that the claim of the mechanic's lien prevailed over a mortgage recorded before the recordation of the mechanic's lien claim but after the commencement of work by the lien claimant. *Wallich Lumber Co. v. Golds*, 375 Mich. 323, 134 N.W.2d 722 (1965); *Kay v. Towsley*, 113 Mich. 281, 71 N.W. 490 (1897). No indication exists anywhere in the present statute that the legislature intended to repeal prior law.

Accordingly, section 362(a)(5) did not preclude Sears, Roebuck from perfecting its inchoate lien after the commencement of the case, and the lien, as perfected, is not avoidable by the trustee or the debtor.

An appropriate order to be submitted.

---

1. This section provided in pertinent part that a mechanic's lien obtained by virtue of a timely filing "shall be preferred to all other titles, liens or incumberances which may attach to or upon such ... improvement, or to or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said ... improvement." M.C.L. § 590.9 (repealed 1982).

---

2. This section provided in pertinent part that the recording of the claim of lien "shall have the same effect as to notice as against subsequent purchasers or incumbrancers as the recording of a mortgage." M.C.L. § 570.5 (repealed 1982).