**In the Matter of Paul David MAAS, Debtor.**

**Bankruptcy No. 86–2483.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 29, 1986.

Jay B. Verona, St. Petersburg, Fla., for debtor.

Wm. Borja, Clearwater, Fla., for movant.

## ORDER ON MOTION FOR CONTEMPT AND ORDER ON MOTION TO ALLOW FILING OF LIEN NUNC PRO TUNC

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration are a Motion for Contempt against Park Bank Professional Condominium Association, Inc. (Association) filed by Paul David Maas (Debtor), the Debtor in the above-captioned case and a Motion to Allow Filing of Lien Nunc Pro Tunc filed by the Association. The Court has considered the Motions, together with the record, heard arguments of counsel, and finds as follows:

On June 16, 1986, the Debtor filed a Chapter 11 bankruptcy petition which listed the Association on Schedule A–3 as an unsecured creditor with a disputed debt in the sum of $5,854.64. On July 1, 1986, the Association recorded in the public records of Pinellas County, Florida, a claim of lien in the amount of $8,723.92 pursuant to *Fla. Stat.* § 718.116(4) at O.R. 6260, Page 2021. The claim of lien purported to create a lien on the condominium unit owned by the Debtor for pre-petition maintenance and special assessments.

On July 3, 1986, the Association mailed a letter to the Debtor which demanded payment of $8,723.92 and further stated that foreclosure on the lien would result if the amount was not paid within 30 days. On July 28, 1986, counsel for the Debtor mailed a letter to the Association and notified the Bank of the filing of the Chapter 11 petition; that the post-petition lien was a violation of the automatic stay imposed by § 362 of the Bankruptcy Code and also requested a release of lien recorded in the public records. On August 5, 1986, the Association answered the July 28, 1986, letter, and refused to release the lien and asserted that the post-petition filing of the claim of lien was permitted by 11 U.S.C. § 362(b)(3) and § 546(b). On August 13, 1986, the Debtor filed a Motion for Contempt for the alleged willful and continuing violation of § 362 by the Association. On October 7, 1986, the Association filed its Motion to Allow Filing of Lien Nunc Pro Tunc.

Section 362(a)(4), (5) and (6), the automatic stay provision of the Bankruptcy Code, prevents any acts which create, perfect or enforce any lien against the property of the Debtor's estate or to collect a claim against the estate which arose pre-petition. Sections 362(b)(3) and 546(b) provide a limited exception to the automatic stay. These sections provide that the post-petition recordation (perfection) of a lien against property of the Debtor is not a violation of the automatic stay, if, pursuant to applicable

non-bankruptcy law, the lien relates back to a time pre-petition and would defeat the rights of a hypothetical lien creditor which is granted to the Trustee by § 544. Thus, the question is whether or not the Association's claim of lien is of the nature which would relate back to a time pre-petition and if the lien does not relate back to a time pre-petition, then the recordation of the lien violated the automatic stay because the lien would not defeat the judgment lien of a hypothetical creditor.

■ Under the laws of Florida, a mechanic's lien relates back to the date on which the work was commenced. Since the commencement of the work is usually pre-petition, a post-petition recordation of the lien would relate back to a time pre-petition. This lien would defeat or have priority over the rights of a Trustee or a Debtor who holds the status of a hypothetical lien creditor under § 544, and therefore, would be a permissible post-petition filing for purposes of perfecting the lien. *See In re Hamlin*, 34 B.R. 673 (Bankr.E.D.Mich. 1983); *In re Houts*, 23 B.R. 705 (Bankr.W. D.Mo.1982).

■ However, other liens, in contrast to mechanic's liens, are effective only upon recordation and do not relate back to any time pre-petition. As a consequence, these types of lien filings would constitute a violation of § 362, the automatic stay, if filed after the commencement of the case. *See, e.g., In re Gotta*, 47 B.R. 198 (Bankr.W.D Wis.1985) (creditor's post-petition attempt to perfect security interest in an assignment of rents violated § 362 because no retroactive effect under state law); *In re Storage Technology Corp.*, 45 B.R. 363 (D.Colo.1985) (attorney's post-petition filing of charging lien violated § 362 because no retroactive effect under state law); *In re Electric City, In.*, 43 B.R. 336 (Bankr.W.D. Wash.1984) (county's post-petition filing of personal property tax lien violated § 362 because no retroactive effect under state law); *In re Rogers*, 39 B.R. 295 (Bankr.W. D.Ky.1984) (creditor's post-petition filing of crop lien violated § 362 because no retroactive effect under state law). Nothing in

*Fla.Stat.* § 718.116(4) indicates that post-petition recordation would relate back to a time pre-petition.

■ Based on the foregoing, the post-petition recordation of the claim of lien by the Association constituted a violation of the automatic stay because under Florida law § 718.116(4), the type of lien involved here is only effective when it is recorded in the public records. As noted earlier, the filing in this case was post-petition and, therefore, while the Association has an unsecured claim against the Debtor, it has no valid, enforceable lien against the subject property; therefore, the Association's Motion to Allow Filing of Lien Nunc Pro Tunc is without merit and should be denied.

■ The matter of violation of the automatic stay is specifically dealt with by § 362(h) of the Bankruptcy Code, which provides as follows:

§ 362(h) Automatic stay.

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Thus, there is no question that this Court has authority to impose sanctions if: (1) the Association violated the automatic stay and (2) the Association willfully violated the automatic stay. This Court is satisfied that the § 362 automatic stay was violated because the claim of lien had no relation back. Moreover, the violation by the Association, while it might have been innocent when it recorded the lien in question, its continuing violation of the automatic stay after it refused to expunge the lien from the record was certainly willful, which warrants the imposition of sanctions.

In light of the foregoing, this Court finds that it is appropriate to award sanctions against the Association in the sum of $500.00 as compensation for damages suffered, to wit: sums incurred for legal services to enforce the provisions of § 362 automatic stay.

■ Based on the foregoing, this Court also finds that a holding of civil contempt was not a necessary predicate to imposing

sanctions. *See Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289 (4th Cir.1986).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Allow Filing of Lien Nunc Pro Tunc be, and the same is hereby, denied with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Contempt be, and the same is hereby, denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Association be, and the same is hereby, awarded sanctions against it in the sum of $500.00 and shall pay the sum of $500.00 to the Debtor within 15 days of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that the Association shall forthwith file and record a release of the claim of lien in the public records in Pinellas County, Florida, within 30 days of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that if the release of the claim of lien is not filed within 30 days, then this Court will consider an appropriate motion if deemed necessary to consider an appropriate remedy for failure to obey this Court's Order.