WILLIAMS & WORKS, INC. v SPRINGFIELD CORPORATION

1. MECHANICS' LIENS—PROPERTY OWNERS—PROCEDURAL REQUIRE-
   MENTS—OTHER FINANCING PARTIES—STATUTES.

   The procedural aspects of the Michigan mechanics' lien statute
   are designed to protect the interests of a property owner, not
   other financing parties (MCLA 570.1 *et seq.;* MSA 26.281 *et
   seq.).*

2. CONSTITUTIONAL LAW—STATUTES—STANDING.

   One cannot attack a statute on the ground that its application
   denies constitutional protection to others.

3. MECHANICS' LIENS—REMEDIAL PURPOSE—STATUTORY CONSTRUCTION
   —STATUTES.

   The mechanics' lien statute has a remedial purpose and it is to be
   liberally construed to achieve that purpose (MCLA 570.27; MSA
   26.307).

4. MECHANICS' LIENS—SUBSTANTIAL COMPLIANCE—ESTABLISHING
   CLAIMS—NOTICE—STATUTES.

   Substantial compliance with the requirements of the mechanics'
   lien statute is sufficient to establish claims under the statute;
   where proper notification to the property owner against whom
   liens were claimed was precluded by the property owner's
   reorganization and where the owner never requested state-
   ments of the amount of work and materials supplied, valid
   liens should not be upset for lack of strict compliance with the

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Mechanics' Liens § 6.
[2] 16 Am Jur 2d, Constitutional Law §§ 119, 120.
[3] 53 Am Jur 2d, Mechanics' Liens § 23.
[4] 53 Am Jur 2d, Mechanics' Liens §§ 210, 217.
   Sufficiency of notice, claim, or statement of mechanics' lien with
   respect to nature of work. 27 ALR2d 1169.
[5] 5 Am Jur 2d, Appeal and Error § 882.
[6] 53 Am Jur 2d, Mechanics' Liens §§ 282, 345.
[7] 53 Am Jur 2d, Mechanics' Liens § 359.
[8] 53 Am Jur 2d, Mechanics' Liens § 401.
[9] 53 Am Jur 2d, Mechanics' Liens §§ 432, 433.

notice requirements where substantial compliance is shown (MCLA 570.1 *et seq.;* MSA 26.281 *et seq.).*

5. Mechanics' Liens—Appeal and Error—Evidence.

The Court of Appeals, in the absence of clear and unequivocal proof to the contrary, will not disturb the findings of the trial court in a suit to enforce mechanics' liens.

6. Mechanics' Liens—Mortgagee's Interest—Commencement of Work—Priority—Statutes.

A mechanics' lien claimant has priority over a mortgagee's interest in the real property, even without the filing of a notice of lis pendens, where the claimant delivered materials or commenced work prior to the recording of the mortgage (MCLA 570.1, 570.9; MSA 26.281, 26.289).

7. Mechanics' Liens—Motions—Joinder.

A trial court acted properly in denying a defendant's motion for joinder of another party in a suit to foreclose mechanics' liens where the party to be added actively opposed joinder and it was possible to render complete relief on the complaint and several cross-complaints and counter-complaints without adding the additional party.

8. Mechanics' Liens—Evidence—Completed Work—Conflicting Testimony.

A trial court's determination in an action to foreclose mechanics' liens that a lien claimant had not sufficiently proven that an invoice submitted represented completed work should be affirmed where the record shows conflicting testimony as to the work actually completed by the claimant.

9. Mechanics' Liens—Attorney Fees—Trial Court's Discretion—Statutes.

The mechanics' lien statute vests discretion in the trial court to determine the amount of attorneys fees which shall be awarded (MCLA 570.12; MSA 26.292).

Appeal from Kent, George R. Cook, J. Submitted June 10, 1977, at Grand Rapids. (Docket No. 28027.) Decided July 6, 1977.

Complaint by Williams & Works, Inc., and others against Springfield Corporation and others for the foreclosure of mechanics' liens. Judgments of

foreclosure granted. Defendant Kelly Mortgage & Investment Company appeals. Plaintiffs Tucker, Inc., Johnson & Friedrich Drywall, Inc., and Veneklasen Concrete Construction Company, Inc., cross-appeal. Affirmed.

*McShane & Bowie* (by *Thomas C. Shearer)*, for Williams & Works, Inc.

*Darden, Neef & Heitsch,* for Westinghouse Electric Corporation.

*Ginn, Kramer & Jacobson, P. C.* (by *Marty A. Burnstein)*, for Tucker Inc.

*Mohney, Goodrich & Titta, P. C.* (by *Richard J. Quist)*, for Johnson & Friedrich Drywall, Inc.

*Bergstrom, Slykhouse & Shaw, P. C.* (by *Robert G. Quinn)*, for Veneklasen Concrete Construction Company, Inc.

*Russell, Ward, Hodgkins & Heaney* (by *Paul A. Ward* and *James W. Batchelor)*, for Kelly Mortgage & Investment Company.

Before: R. B. Burns, P. J., and D. E. Holbrook and M. B. Breighner,* JJ.

D. E. Holbrook, J. On March 12, 1976, the trial court ordered judgments of foreclosure of the mechanics' liens of Williams & Works, Inc., Westinghouse Electric Corporation, Koning & Bandstra, Inc., Johnson & Friedrich Drywall, Inc., Veneklasen Concrete Construction Company, Inc., Shurlow Tile & Carpet, Inc., and Tucker, Inc. The trial court held that each claimant had complied with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the requirements of the Michigan mechanics' lien statute, MCLA 570.1, *et seq.;* MSA 26.281, *et seq.* with regard to an apartment project known as Foote Hills, located in Kent County, Michigan. Defendant Kelly Mortgage appeals maintaining that the mechanics' lien statute is unconstitutional, that the various claimants did not comply with the statute and that the trial court erred in failing to add a necessary party. In addition, claimant Tucker cross-appeals seeking a modification of the judgment. Claimants Johnson & Friedrich Drywall, Inc., and Veneklasen Concrete Construction Company, Inc., cross-appeal seeking modification of an award of attorney's fees. The record herein is indeed substantial, consisting of the transcript and numerous briefs, depositions, exhibits, pleadings, etc. Defendant Kelly Mortgage & Investment Company's initial brief alone contains two volumes consisting of over 170 pages of text, plus hundreds of additional pages of exhibits, affidavits and various other items. In addition, Kelly has filed two additional briefs with this Court. We will not disclose our initial reaction to this mountainous record. We find that the complexity of this case fortunately does not correspond with the sheer volume of the record.

Initially, defendant Kelly Mortgage Company challenges the mechanics' lien act as being unconstitutional as a violation of the Due Process Clause, US Const, Am XIV and Const 1963, art 1, § 17. Defendant maintains that the mechanics' lien statute constitutes a cloud on the title to the detriment of the titleholder without the necessity of proper notice and judicial determination as to the validity of the lien which, when filed, constitutes a cloud or encumbrance upon the title.

In Michigan the mechanics' lien statute has

existed for nearly 80 years.[1] It was established by 1891 PA 179. The act withstood early challenges and has been rarely challenged since. *Smalley v Gearing,* 121 Mich 190; 79 NW 1114 (1899), *Smalley v Northwestern Terra-Cotta Co,* 113 Mich 141; 71 NW 466 (1897). A similar mechanics' lien statute was upheld as against a due process challenge by the United States Supreme Court, *Great Southern Fire Proof Hotel Co v Jones,* 193 US 532; 24 S Ct 576; 48 L Ed 778 (1904). In an early decision our Supreme Court stated the following principle: "The statute was intended to protect subcontractors, material men, and laborers, and its benefits should not be frittered away by construction, unless clearly unconstitutional." *Smalley v Gearing, supra,* 121 Mich at 198.

We do recognize the longstanding validity of this statute.[2] In recent years, however, mechanics' lien

---

[1] Earlier mechanics' lien statutes date back to 1827. *See* 16 Callaghan's Michigan Civil Jurisprudence, § 2, p 550. An earlier statute was held unconstitutional in *The John Spry Lumber Co v Sault Savings Bank Loan & Trust Co,* 77 Mich 199; 43 NW 778 (1889).

[2] *See Cook v Carlson,* 364 F Supp 24, 29 (D SD, 1973), outlining the important public interest furthered by mechanics' lien statutes.

"In the case of a mechanics' and materialmen's lien, where use of the property is only incidentally and partially hampered, it is the view of this Court that there exists a basic and important public interest in the summary imposition of the lien. The mechanics' and materialmen's lien originated in the necessity of protecting the construction industry and those in its employ. Labor and materials contractors are in a particularly vulnerable position. Their credit risks are not as diffused as those of other creditors. They extend a bigger block of credit, they have more riding on one transaction, and they have more people vitally dependent upon eventual payment. They have much more to lose in the event of default. There must be some procedure for the interim protection of contractors in this situation. A contractor must have some protection against subsequent bona fide purchasers between the time he completes the work and the time he gets a judgment. Considering their vulnerability, and especially considering their importance to the stability of the American economy, I think there exists sufficient justification for the South Dakota statutory scheme which creates a lien as a matter of law as soon as labor and materials are furnished."

*Also see, Canvasser Custom Builders, Inc v Seskin,* 38 Mich App 643;

statutes have been subject to challenge. Numerous decisions have upheld the validity of such statutes. *Spielman-Fond, Inc v Hanson's Inc,* 379 F Supp 997 (D Ariz, 1973), *aff'd* memorandum 417 US 901; 94 S Ct 2596; 41 L Ed 2d 208 (1974), *Cook v Carlson,* 364 F Supp 24 (D SD, 1973), *Ruocco v Brinker,* 380 F Supp 432 (SD Fla, 1974). Apparently relying on recent Supreme Court decisions in *Sniadach v Family Finance Corp,* 395 US 337; 89 S Ct 1820; 23 L Ed 2d 349 (1969), and *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), *reh den* 409 US 902; 93 S Ct 177; 34 L Ed 2d 165 (1972), several courts have found mechanics' lien statutes invalid. *Barry Properties, Inc v The Fick Brothers Roofing Co,* 277 Md 15; 353 A2d 222 (1976), *Roundhouse Construction Corp v Telesco Masons Supplies Co, Inc,* 168 Conn 371; 362 A2d 778 (1975), *cert granted* 423 US 809; 96 S Ct 20; 46 L Ed 2d 29 (1975). The determination as to the constitutionality of this statute is an involved and complex question. Fortunately we need not decide this question. We find that defendant lacks standing to challenge the constitutionality of this statute.[3]

Defendant states his challenge on due process grounds as follows:

"Specifically, the Michigan Mechanic's Lien Statute violates the due process clause of the Fourteenth Amendment by failing to provide for:

"1. Prior notice before perfection of the lien.

"2. Affidavits to establish the validity of the claim or the necessity of invoking the extraordinary remedy.

196 NW2d 859 (1972), *Rowen & Blair Electric Co v Flushing Operating Corp,* 66 Mich App 480; 239 NW2d 633 (1976), *lv granted,* 396 Mich 853 (1976).

[3] Additionally, we would like to reiterate that our Supreme Court has already upheld this statute. *Smalley v Gearing,* 121 Mich 190; 79 NW 1114 (1899).

"3. A bond by the claimant to protect the owner.

"4. Judicial supervision.

"5. A burden on the claimant to establish validity at an early stage of the proceedings."

Defendant also states that the property interest which is affected is the "restraint on the free alienation of real property". We need not decide whether this is a sufficient property interest to invoke protection of due process.[4] It is apparent that this is an interest in the owner, not this subsequent mortgagee. Each of the items cited as interests of the owner do not constitute rights of the mortgagee.

The mortgagee is well aware of the priority interest which exists by virtue of the mechanics' lien statute and, furthermore, is in a position to avoid being subordinate to the mechanics' lien rights involved. Defendant maintains that various procedural aspects of the statute serve to invalidate it. However, all these asserted rights are designed to protect the interest of the owner, not other financing parties. Defendant does not challenge the basic foundation or substance of the act itself, *i.e.,* the protection of contractors, subcontractors, material men, etc. One cannot attack this statute on the ground that its application denies constitutional protection to others. *Department of Public Health v Tompkins, on rehearing,* 34 Mich

---

[4] Many courts have recognized that due process concerns frequently are dependent upon judicial balancing of the seriousness of the deprivation against the importance of the governmental and public interests served by the summary procedure. *Cook v Carlson, supra,* at 25, *Boddie v Connecticut,* 401 US 371, 378–379; 91 S Ct 780; 28 L Ed 2d 113 (1971), *Mitchell v W T Grant Co,* 416 US 600, 611; 94 S Ct 1895; 40 L Ed 2d 406 (1974). Several courts have found only slight property interests affected by mechanics' lien statutes, particulary as compared to the public interest protected. *See Cook, supra, Ruocco v Brinker,* 380 F Supp 432 (SD Fla, 1974), *Spielman-Fond, Inc v Hanson's, Inc,* 379 F Supp 997 (D Ariz, 1973), *aff'd* 417 US 901; 94 S Ct 2596; 41 L Ed 2d 208 (1974).

App 114, 119; 190 NW2d 796 (1971), *United States v Raines,* 362 US 17; 80 S Ct 519; 4 L Ed 2d 524 (1960), *American Power & Light Co v Securities & Exchange Commission,* 329 US 90; 67 S Ct 133; 91 L Ed 103 (1946). See also, *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975).

Defendant herein knew of the mortgagor's building plans and was aware of the details contained therein. Defendant obviously knew of the mechanics' lien provisions justifiably granting priority to the claimants. Defendant then proceeded to provide the money for the project. Defendant cannot now assert these procedural constitutional challenges to this statute which admittedly would serve to protect only the owner. Neither the past nor the present owners of the property have joined in this procedural challenge to the mechanics' lien statute. Defendant has no standing to complain of procedural deficiencies of which only the owner of the property can complain. We express no opinion as to the merits of defendant's constitutional arguments.

The next question with which we are faced is whether claimants have in fact properly asserted their rights under the mechanics' lien statute. The trial court concluded that they had and we agree.

The mechanics' lien statute has been described as: "designed to create confusion and frustrate anyone who attempts to meet all of its requirements". *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 71 Mich App 177, 181; 247 NW2d 589 (1976), *rev'd,* 400 Mich 184; 253 NW2d 646 (1977). The statute itself clearly announces its remedial purpose and indicates that it is to be liberally construed to achieve that purpose. MCLA 570.27; MSA 26.307, *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park, supra.* Recent

decisions have indicated that substantial compliance with the requirements of the mechanics' lien statute shall be sufficient to establish claims. *Spartan Asphalt v Grand Ledge Mobile Home Park, supra, Georgia-Pacific Corp v Central Park North Co,* 394 Mich 59; 228 NW2d 380 (1975). Furthermore, herein much of the problem was due to the reorganization of Foote,[5] effectively precluding proper notification. Such change in organization should not preclude the claimants from asserting their statutory remedies. *William Moors, Inc v Pine Lake Shopping Center, Inc, #1,* 74 Mich App 12; 253 NW2d 658 (1977). Furthermore, the owner never requested statements of the amount of work and materials and, therefore, this should not upset the valid lien. MCLA 570.8; MSA 26.288. Notice was, in effect, given to the owners and substantial compliance with MCLA 570.1, *et seq.;* MSA 26.281, *et seq.,* was achieved.

Defendant also maintains that the trial court erred in finding that several of the plaintiffs did not give waivers of their liens, which would have precluded claimants from asserting any rights or foreclosure of the liens. In the absence of clear and unequivocal proof on the part of the defendant to the contrary we are unwilling to disturb the trial court's finding. *G O Lewis Co v Erving,* 4 Mich App 589; 145 NW2d 368 (1966), *Saginaw Lumber*

---

[5] Prior to August 4, 1972, the record owner of the subject property was Sarah A. Nelson. On August 4, 1972, Sarah Nelson conveyed the property to the Springfield Corporation. On July 10, 1973, the Springfield Corporation conveyed the premises to Foote Hills Associates. Robert Foote was the president and the sole owner of the shares in Springfield Corporation. Springfield and Foote shared offices. Foote was also the general partner in Foote Hills Associates. Springfield executed mortgages to Kelly Mortgage and Investment Company on August 1, 1972, which was recorded on August 8, 1972, and on September 8, 1972, which was recorded on September 19, 1972. The trial court properly found that work began on the project prior to execution of these mortgages.

*Co v Wilkinson,* 266 Mich 661, 665; 254 NW 240 (1934). See also, *Saginaw Lumber Co v Stirling,* 305 Mich 473; 9 NW2d 680 (1943).

The delivery of materials or other commencement of work prior to the recording of the mortgage on the subject property gives the liens priority, even without the filing of notice of lis pendens. MCLA 570.1; MSA 26.281, MCLA 570.9; MSA 26.289, *Wallich Lumber Co v Golds,* 375 Mich 323; 134 NW2d 722 (1965). Claimants were entitled to priority. *Strom Construction Co v Raymond,* 356 Mich 79; 95 NW2d 879 (1959).

Defendant claims that Schwaemle Construction Company was a necessary party to this action. GCR 1963, 205.1. The record shows that Schwaemle Construction Company contracted to finish construction of this project after the other contractors had walked off the job because of nonpayment. Schwaemle filed its statement of account and mechanics' lien on April 14, 1975. We find that it was possible to render complete relief on the complaint and the several cross-complaints and counter-complaints. The fact that Schwaemle was not a party did not interfere with the court's determination of whether the parties herein had money coming to them or if their respective mechanics' liens were valid and enforceable. No relief was sought from Schwaemle. It may have been convenient to have Schwaemle enter this action, however, it was not necessary. Schwaemle actively opposed joinder and we find the trial court properly acted by denying the motion to add Schwaemle.

Tucker, Inc., disputes the figure established by the trial court as the proper amount of its mechanics' lien. The record reveals conflicting testimony as to the work actually completed by

Tucker. The trial judge's determination that Tucker had not sufficiently proven that the invoice submitted represented completed work should therefore be affirmed. *Mazur v Blendea,* 74 Mich App 467; 253 NW2d 801 (1977), *G O Lewis Co v Erving, supra, Saginaw Lumber Co v Wilkinson, supra.*

Veneklasen Concrete Construction Company, Inc., and Johnson & Friedrich Drywall, Inc., challenge the sum of the award of attorney's fees maintaining that the awards are inadequate. The statute does authorize an award of attorney's fees. MCLA 570.12; MSA 26.292. This statute vests discretion in the trial court and the amounts awarded are affirmed. *River Rouge Savings Bank v S & M Building Co,* 359 Mich 189; 101 NW2d 260 (1960). See Anno: *Amount of Attorneys' Compensation in Matters Involving Real Estate,* 58 ALR3d 201, 226, § 8.

Affirmed.