Kenneth W. HODGINS, Jr., et al., Plaintiffs and Counter–Defendants,

v.

The MARQUETTE IRON MINING COMPANY, The United States, The State of Michigan, T. T. Truck and Equipment, Inc., Payne and Dolan, Inc., and Doris C. Verville d/b/a DCV Equipment Rental, and Wilco Diversified, Inc., Defendants.

The UNITED STATES of America, T. T. Truck and Equipment, Inc., and Doris C. Verville d/b/a DCV Equipment Rental, Cross–Plaintiffs and Counter–Plaintiffs,

v.

The MARQUETTE IRON MINING CO. et al., Cross–Defendants.

No. M79–148 CA.

United States District Court, W. D. Michigan, N. D.

Oct. 27, 1980.

Paul M. Marin, Marquette, Mich., for plaintiffs and counter–defendants.

J. Robert Donnelly, Ishpeming, Mich., James S. Brady, U. S. Atty., Grand Rapids, Mich., Frank J. Kelley, Atty. Gen., Lansing, Mich., E. Nickolas Bridges, Negaunee, Mich., Ronald D. Keefe, Marquette, Mich., Jay A. Nathanson, Dept. of Justice, Tax Division, Washington, D. C., Raoul G. Robar, Ishpeming, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

DOUGLAS W. HILLMAN, District Judge.

This suit was brought to determine the priority of competing claims by creditors of T. T. Truck and Equipment, Inc. (T. T. Truck), to $31,192.00, owing to the debtor and held by Marquette Iron Mining Company (Marquette Iron Mining). The action was commenced by 20 non–salaried employees of T. T. Truck in the Circuit Court of Marquette County and removed to this court by the United States of America (U.S.). Plaintiffs' complaint asserts the priority of their mechanics' liens, pursuant to the Michigan Mechanics' Liens Statute, M.C.L.A. § 570.1, *et seq.*, and seeks declaratory and injunctive relief from the stakeholder and owner of property subject to the mechanics' liens, Marquette Iron Mining; from the debtor T. T. Truck; and from other creditors, including the U.S., the State of Michigan, Payne and Dolan, Inc., and Doris C. Verville, doing business as DCV Equipment Rental (Verville).

The U.S. cross–claims against T. T. Truck to enforce tax liens arising under 26 U.S.C. § 6321, counterclaims against all plaintiffs and cross–claims against all defendants to protect its liens, and counterclaims against plaintiff Kenneth W. Hodgins, Jr., to reduce to judgment his personal liability for unpaid taxes. Verville cross–claims against all defendants for declaratory relief and to enforce its mechanic's liens. T. T. Truck cross–claims against all defendants and counterclaims against all plaintiffs.

By order of May 28, 1980, the court directed plaintiffs to add Wilco Diversified, Inc., as a necessary party defendant and to file an amended complaint. Wilco never answered the amended complaint and on July 2, 1980, a default judgment was entered, precluding it from sharing in any proceeds distributed pursuant to this opinion and order.

The case is now before the court on plaintiffs' motion for summary judgment, pursuant to Fed.R.Civ.P. 56. Although there were some discrepancies in the facts alleged in the parties' pleadings and accompanying affidavits and exhibits, none is seriously contested with supporting evidence. I find there is no genuine issue as to any material fact. Accordingly, summary judgment is hereby granted as set forth below.

DISCUSSION

T. T. Truck, the debtor in this action, is a corporation doing business variously under that name and under the name Biff Equipment, Inc. In 1978, Biff Equipment, doing business as T. T. Truck, became liable for a Michigan single business tax, thereby giving rise to a state tax lien under M.C.L.A. § 208.95(1), and for Michigan withholding taxes, giving rise to a state tax lien under M.C.L.A. § 206.431(1). The State of Michigan assessed Biff/T. T. Truck $2,308.78 for the unpaid single business tax on July 11, 1978, filing notice of the lien with the Secretary of State on August 30, and in the Register of Deeds for Marquette County on September 5. The state assessed $2,388.23 for the unpaid withholding taxes on November 10, 1978, filing notice with the Secretary of State on November 20, and in the Marquette County Register of Deeds on December 11. The filing of these liens complied fully with the State Tax Lien Registration Act, M.C.L.A. § 211.681, *et seq.* There are no bona fide liens in this case which were recorded prior to the date these two state tax liens attached. As the earliest valid liens, they have precedence over all other claims, pursuant to M.C.L.A. § 206.431(1) and (2) and § 208.95(1) and (2). Accordingly, the state tax liens shall be satisfied first from the funds held by Marquette Iron Mining.

The next claims arose in close proximity in time. Marquette Iron Mining is a part-

nership, with Cleveland Cliffs Iron Company as managing partner, and the owner of the Republic Mine at Republic, Michigan. By purchase order dated June 11, 1979, Marquette Iron Mining hired T. T. Truck to load, haul, and compact 175,000 cubic yards of gravel at the mine for a total price of $161,875.00. The work commenced in June and apparently continued through September, 1979. During this period, T. T. Truck subcontracted for labor from plaintiffs and for the lease of equipment from Verville.

The mining company had paid T. T. Truck all but $31,192.00 of the contract price when creditors of the contractor asserted competing claims to these funds. Thereafter, Marquette Iron Mining did not pay T. T. Truck but deposited the monies due and owing in an interest–bearing account. On August 23, 1979, Verville served on Marquette Iron Mining a notice of furnishing labor or materials, pursuant to the Mechanics' Lien Statute, M.C.L.A. § 570.1, stating it would claim a lien on the owner's property. Verville filed proof of service and a statement of account and lien in the amount of $14,725.55, in the Register of Deeds for Marquette County on October 5, 1979, at 12:15 p. m.

Plaintiffs served their mechanics' lien notice on the owner on October 5, 1979, a copy of which was filed in the Register of Deeds for Marquette County on the same day at 1:40 p. m., and filed proof of service and statement of account and lien, in the amount of $11,369.00, in the Register of Deeds for Marquette County on October 11, 1979. The amount claimed was reduced to $8,467.08 in the affidavit of Kenneth W. Hodgins, Jr., plaintiffs' appointed agent for purposes of collection, which accompanied the motion for summary judgment.

On September 10, 1979, a default judgment for $8,762.70 was entered against T. T. Truck in the District Court for the 96th Judicial District of Michigan, in favor of Payne and Dolan, Inc. A writ of garnishment was served on the Cleveland Cliffs Iron Company on October 1, 1979.

On October 5, 1979, the U.S. assessed T. T. Truck for unpaid federal withholding, federal insurance contributions act, and highway use taxes, giving rise to a federal tax lien under 26 U.S.C. § 6322. The government filed a notice of federal tax lien in the amount of $15,251.21 in the Register of Deeds for Marquette County on the same day at 9:30 a. m., and with the Secretary of State on October 11. The filing of these liens complied with 26 U.S.C. § 6323(f) and the Uniform Federal Tax Registration Act, M.C.L.A. § 211.671, et seq. In addition, the U.S. asserted a separate lien against the property of plaintiff, Kenneth W. Hodgins, Jr., for unpaid federal withholding and federal insurance contribution act taxes, penalties and interest, in the amount of $5,073.32.

■ Among these competing claims, the mechanics' liens for plaintiffs' labor and for the rental of Verville's equipment share second priority after the state tax liens. By the terms of the statute, M.C.L.A. § 570.9, First, mechanics' liens claimed by different persons furnishing labor or materials to the same project are simultaneous mortgages. See, Strom Construction Co. v. Raymond, 356 Mich. 79, 95 N.W.2d 879 (1959). Furthermore, for purposes of determining priority, the liens are deemed to attach upon commencement of the work, not when served or filed. M.C.L.A. § 570.9, Second, Third. Kay v. Towsley, 113 Mich. 281, 71 N.W. 490 (1897); Williams and Works, Inc. v. Springfield Corp., 81 Mich.App. 355, 265 N.W.2d 328 (1978); Williams and Works, Inc. v. Springfield Corp., 76 Mich.App. 541, 257 N.W.2d 160 (1977). Thus, even though a mechanic's lien may be filed and come into existence subsequent to another kind of encumbrance, it will relate back to the commencement of the project and take priority. Wallich Lumber Co. v. Golds, 375 Mich. 323, 134 N.W.2d 722 (1965), citing Kay v. Towsley, supra.

■ In the instant case, the mechanics' liens of Verville and plaintiffs are superior to the tax lien of the U.S. and Payne and Dolan's garnishment, although filed later in time. Under the statute, M.C.L.A. § 570.9, Fourth, only a "title, claim, lien, incumbrance, or mortgage" recorded prior to the

furnishing of labor or material is superior to the mechanics' liens. By M.C.L.A. § 570.9, Third, the mechanics' liens here take priority over the U.S.'s tax lien, which was neither "given or recorded" before commencement of the work in June, 1979. This is consistent with federal statutes. A federal tax lien is not valid against any mechanic's lienor until it has been filed. 26 U.S.C. § 6323(a). The statute further states, 26 U.S.C. § 6323(h)(2):

> "... [A] person has a [mechanic's] lien on the earliest date such lien becomes valid under local law against subsequent purchasers without actual notice but not before he begins to furnish the services, labor or materials."

Under Michigan law, the date that the mechanic's lien becomes valid, and operates to displace earlier filed liens, is the commencement of the work.

The mechanics' liens' priority over Payne and Dolan's garnishment is even more absolute. By M.C.L.A. § 570.9, Second, they are superior to all garnishments whether the latter are made "prior or subsequent" to the commencement of the work.

Although the U.S.'s tax lien against T. T. Truck is inferior to plaintiffs' mechanics' liens, the individual share of Kenneth W. Hodgins, Jr., is subject to another federal tax lien for taxes, interest, and penalties, owing and unpaid by him. It is entitled to partial satisfaction of its claim against Mr. Hodgins to the extent of his mechanic's lien.

As between the two remaining claims—the federal tax lien and Payne and Dolan's garnishment on its default judgment—the garnishment has priority. A tax lien of the U.S. is not valid against a judgment lien creditor until filed, pursuant to 26 U.S.C. § 6323(a). Although not defined by statute, "judgment lien creditor" is defined in Treasury Regulations (1954 Code), Section 301.6323(h)–1(g):

> "Judgment lien creditor. The term 'judgment lien creditor' means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specially designated property or for a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved...."

As recently noted by the Court of Appeals for the Second Circuit, *Hartford Provision Co. v. United States*, 579 F.2d 7, 9 fn. 1 (2d Cir. 1978), the regulation's definition of "perfection" merely restates the requirements for a choate lien enunciated by the Supreme Court in *United States v. New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). Section 301.6323(h)–1(g) continues:

> "... A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established...."

Under Michigan law, a judgment is not self–executing. A successful creditor may attempt to satisfy his judgment by garnishment. M.C.L.A. § 600.4011. No lien arises on the property of the garnishee until service of a writ of garnishment. *Mary v. Lewis*, 399 Mich. 401, 249 N.W.2d 102 (1976). It is at this point that the lien attaches, becoming choate, and the identity of the lienor, the property subject to the lien, and amount of the lien are established. In the instant case, Payne and Dolan's garnishment was served October 1, 1979, and takes priority over the federal tax lien filed October 5.

### CONCLUSION AND ORDER

The court hereby grants summary judgment on the priority of the claims of T. T. Truck and Equipment Co.'s creditors to $31,192.00 in the possession of Marquette Iron Mining Company, as follows:

First priority: State of Michigan tax liens.

Second priority: Mechanics' liens of plaintiffs and Doris C. Verville, d/b/a DCV Equipment Rental.

Third priority: Payne and Dolan, Inc.'s garnishment on a default judgment.

Fourth priority: United States of America's tax lien.

In addition, the U.S. shall be entitled to satisfy its tax lien against plaintiff Kenneth W. Hodgins, Jr., from the recovery on his mechanic's lien.

Payment of the parties' claims shall be made in accordance with this opinion. To insure an accurate accounting, Marquette Iron Mining is directed to pay the principal of $31,192.00, plus accumulated interest, into the Registry of the Clerk of the United States District Court for the Western District of Michigan, within thirty (30) days of the filing of this opinion and order. Each creditor is directed to file, individually or by his agent, an affidavit with the court stating the precise dollar amount claimed within thirty (30) days of the filing of this opinion and order. It is expected that the amounts claimed will conform to the exhibits presented to the court and relied upon in this opinion. Any variance in the figures should be noted and supported by an accompanying memorandum. Payment to the individual creditors will be made promptly by the court, following receipt of the funds and affidavits.

IT IS SO ORDERED.